Frank MORRIS, d/b/a FRANK MORRIS ESCORT
SERVICE *v.* William F. EVERETT, Director
of Labor

E 82-273                                    647 S.W.2d 476

Court of Appeals of Arkansas
Opinion delivered March 2, 1983

*Burk Dabney,* for appellant.

*Alinda Andrews,* for appellee.

Tom Glaze, Judge. This appeal arose from a determination by the Employment Security Division, Arkansas Department of Labor, that appellant Frank Morris is an "employer" within the meaning of the Arkansas Employ-

ment Security Law, and therefore liable to pay unemployment insurance taxes. The Board of Review affirmed the Agency's determination.

Appellant owns a heavy equipment highway escort service. He employs individuals to drive escort vehicles for trucks hauling oversized loads from Little Rock to their various destinations. Appellant is paid a per mile rate for providing the escort vehicles; he, in turn, pays the drivers a per mile rate for their services.

Appellant contends that the drivers who work for him are independent contractors, not employees. Accordingly, he argues that he is exempt from paying into the State unemployment insurance fund. In support of his argument, appellant relies upon *Crossett Lumber Co.* v. *McCain*, 205 Ark. 631, 170 S.W.2d 64 (1943), but the *McCain* decision was premised on the construction of Ark. Stat. Ann. § 81-1103 (i) (5) (a) (b) (c) (Repl. 1976) *before* it was amended by Act 35 of 1971. When *McCain* was decided, § 81-1103 (i) (5) (a) (b) (c) provided that independent contractors, as defined under the common law, were employers and not employees under our State Employment Act; it also required compliance with only one of its three provisions, (a), (b) or (c), to permit exemption under the Act. Before Act 35, these three provisions were joined by the disjunctive term "or," connoting that any one of the provisions could be shown for entitlement to an exemption. However, § 81-1103 (i) (5) (a) (b) (c) (with Act 35 of 1971 changes italicized) now provides:

> (5) Service performed by an individual for wages shall be deemed to be employment subject to this Act *irrespective of whether the common-law relationship of master and servant exists,* unless and until it is shown to the satisfaction of the commissioner that —
> (a) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; *and*
> (b) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of

business of the enterprise for which the service is performed; *and*

(c) such individual is customarily engaged in an independently established trade, occupation, profession, or business *of the same nature as that involved in the service performed.* (Emphasis supplied).

By its passage of Act 35, the 1971 General Assembly obviously intended to make it more difficult to claim an exemption under our Employment Security Act.[1] As one can quickly discern from reading the statute above, Act 35 joined the (a) (b) (c) provisions with the conjunction "and," thereby requiring a person to show all three before obtaining an exemption under the Act.

In the instant case, appellant attempts to show that his drivers are independent contractors by pointing out facts sufficient to show that the drivers are independent contractors at common law. While appellant's argument would have been valid under the *McCain* decision and prior to 1971, we cannot ignore the plain wording of § 81-1103 (i) (5) (a) (b) (c), as amended by Act 35 of 1971. Subpart (c) clearly provides that in order to qualify for the exemption, appellant must show "to the satisfaction of the commissioner" that his drivers are "customarily engaged in an independently established trade, occupation, profession or business *of the same nature as that involved in the service performed.*" Of the three drivers who submitted affidavits in support of appellant's contentions, one is a truck driver, one a waitress, and one a gasoline station attendant; none was customarily and independently engaged in a business of the same nature as appellant's escort service, which is what the statute clearly mandates.

---

[1]The General Assembly actually has gone full circle on this exact issue. Originally, this statutory provision required all three provisions (a), (b) an (c) to exist before a person could be exempt. The Supeme Court held to this effect in the case of *McKinley, Commissioner of Labor* v. *R. L. Payne & Son Lumber Co.*, 200 Ark. 1114, 143 S.W.2d 38 (1940). Subsequently, the General Assembly amended the statute, requiring only one of the three provisions for exemption entitlement. *See also, Crossett Lumber Co.* v. *McCain*, 205 Ark. 631, 170 S.W.2d 64 (1943), for a discussion of the prior legislative history pertaining to this statutory provision.

We find that substantial evidence was presented for the Board to find that appellant is liable for payment into the unemployment fund. We affirm.

Affirmed.