SAMPLE & SELL, INC., Respondent,

v.

LABOR AND INDUSTRIAL RELA-TIONS COMMISSION

and

Division of Employment Security, Appellants.

No. WD 40651.

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

Susan P. Haag, Sandy Bowers, Jefferson City, for appellant Missouri Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for appellant Labor and Indus. Relations Com'n.

Stuart R. Berkowitz, St. Louis, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

The Division of Employment Security issued an administrative determination that individuals who demonstrate various products, primarily at supermarkets, were employees of Sample & Sell, Inc., within the meaning of section 288.034.5, RSMo 1986. This determination was upheld by the Appeals Tribunal. The Labor and Industrial Relations Commission denied an application for review and adopted as its own the findings of and decision of the Appeals Tribunal. On appeal to the circuit court the decision was reversed. The Division and Commission appeal. The judgment is reversed and remanded with directions.

Sample & Sell, Inc., is a Missouri corporation which, since 1984, has been in the business of providing individuals as demonstrators for various products, primarily at supermarkets.

Sample's president, Stella Southmayd, and three of Sample's demonstrators testified regarding Sample's usual method of doing business. After Sample receives a request from a manufacturer to supply a demonstrator at a given location, Sample contacts a demonstrator, who then reports to a supermarket at a designated time. Some materials are supplied by Sample, some by the supermarket, and some by the demonstrator, according to the situation. The demonstrator is assigned a specific work station by the store manager who may dismiss the demonstrator or send her home when the work is finished.

The three demonstrators testified that they were housewives who were supported by their husbands, that they could and did perform the same services for Sample's competitors, and that they were not economically dependent for their livelihood upon Sample. They accept jobs as they prefer and are free to refuse jobs.

Sample provides the demonstrators with sales report forms which are to be submitted to Sample after each demonstration. Sample remunerates the demonstrators after the record of hours worked and sales reports are received by Sample.

At issue is whether or not the demonstrators perform services in employment as that term is defined in section 288.034.5. Sample contends that the demonstrators were independent contractors and, thus, not employees for whom it was required to make contributions under the Employment Security Law.

Judicial review of decisions of the Labor and Industrial Relations Commission in employment security matters is governed by

section 288.210, RSMo 1986, which provides in part: "In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." It is the function of the reviewing court to decide whether, upon the whole record, the Commission reasonably could have made its findings and drawn its conclusions. *Union–May–Stern Co. v. Industrial Comm'n*, 273 S.W.2d 766, 768 (Mo.App.1954).

One of the general purposes of the employment security law is to provide for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. § 288.020.1, RSMo 1986. The legislature has specifically declared that the law is to be construed liberally to accomplish that purpose. § 288.020.2, RSMo 1986. Generally, the tax provisions of a statute are strictly construed against the taxing authority. The tax provisions of the employment security law, however, are incidental to its paramount and remedial purpose of relief, and a liberal construction of "employer" and "employment" is warranted to secure that purpose. *Beal v. Industrial Comm'n*, 535 S.W.2d 450, 458 (Mo. App.1975).

■ The statutory test for determining whether an individual is an independent contractor under the employment security law is found in section 288.034.5 which states as follows:

Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

Section 288.034.5 requires that each and every subsection must be satisfied before an individual will be deemed to be an independent contractor. *Heritage Exteriors, Inc. v. Labor & Indus. Rel. Comm'n*, 669 S.W.2d 625, 627 (Mo.App.1984).

Adopting the findings and decision of the Tribunal, the Commission's findings and conclusions included a determination that Sample failed to meet both the first and third subsections of the section 288.034.5 test. Those subsections are at issue on appeal. The parties agree that the services performed by the demonstrators are within the usual course of the business for which the services are performed and this court has not been asked to decide whether the services are performed outside of all the places of business of the enterprise; therefore, subsection 2 is not at issue.

Because the requirements of all of the subsections of section 288.034.5 must be met in order to establish the status of independent contractor, disposition of this appeal may be made by addressing the appellants' point which challenges the circuit court's judgment relevant to the third requirement of section 288.034.5.

The issue is whether the demonstrators were customarily engaged in an independently established trade, occupation, profession, or business. This court considered that provision in *Koontz Aviation, Inc. v. Labor and Industrial Relations Commission*, 650 S.W.2d 331 (Mo.App.1983). In *Koontz* this court quoted from *Vermont Securities, Inc. v. Vermont Unemployment Compensation Commission*, 118 Vt. 196, 104 A.2d 915, 917 (1954):

The adverb "independently" clearly modifies the word "established", and must carry the meaning that the trade, occupation, profession or business was estab-

lished, independently of the employer or the rendering of the personal service forming the basis of the claim. The present tense "is" indicates the individual must be engaged in such independent activity at the time of rendering the service involved.

*Koontz*, 650 S.W.2d at 334. *Koontz* concluded that the ultimate issue is whether the person performing the services was engaged in an entrepreneurial enterprise which enjoyed a degree of economic independence such that the enterprise could survive any relationship with the particular person contracting for services. *Id.* The reason for the third requirement is to include in coverage many persons whose freedom from detailed control of activities by an employer was nonetheless not the kind of independence which commonly rids the true entrepreneur of the risk of unemployment. *American Yearbook Co. v. Labor & Indus. Rel. Comm'n*, 739 S.W.2d 755, 757–58 (Mo.App.1987), citing Willcox, *The Coverage of Unemployment Compensation Laws*, 8 Vand.L.Rev. 245, 248 (1955).

In *Koontz*, and *Heritage Exteriors*, this court has previously determined that if an individual is dependent on another entity to obtain work, then that individual cannot be considered to be an independent contractor. In *Koontz*, the inability of baggage and limousine drivers to deal directly with the public was evidenced by the fact that Koontz, the employer, not the drivers, had the contract through which work could be performed. Since the drivers delivered baggage only by virtue of Koontz' contract with the airlines, the drivers were dependent on Koontz for their business and could not be considered independent contractors. *Koontz*, 650 S.W.2d at 334. In *Heritage Exteriors*, the court found that because the siding applicator employee did not solicit customers and depended upon Heritage or similar companies for employment, the applicator was not engaged in an independently established trade at the time he worked for Heritage. *Heritage*, 669 S.W.2d at 627–28.

In the present case, there was no evidence introduced to show that the individual demonstrators named in the style of the case were customarily engaged in an independently established trade, occupation, profession, or business. The demonstrators were not capable of providing their services without dependence upon another entity, either Sample or similar companies. The demonstrators, therefore, are not engaged in an entrepreneurial enterprise which can survive any particular relationship. Regardless of the number of part-time jobs a demonstrator may have, until the demonstrator is engaged in an entrepreneurial enterprise, she has no control over her potential unemployment. Thus, the demonstrators are not customarily engaged in an independently established trade, occupation, profession, or business.

■ In their second point, the appellants note that an additional issue in the case below was the question of whether Sample became an employer under section 288.032, RSMo 1986, upon its inception on March 20, 1984. The Commission found Sample to be an employer under section 288.032 by virtue of finding the services of Sample's president to be employment and the wages received by her to be wages in employment. Sample does not contest the finding of the Commission in this regard. Without unnecessary discussion, this court concurs with the Commission's finding that Sample became an employer on March 20, 1984.

The judgment of the trial court is reversed, and this cause is remanded with directions to enter judgment affirming the determinations made by the Commission.

All concur.