AMERICAN TRANSPORTATION CORP. *v.*
DIRECTOR, Employment Security Department

E 91-216                                    840 S.W.2d 198

Court of Appeals of Arkansas
Division I
Opinion delivered October 21, 1992

*Wright, Lindsey & Jennings* and *Robert L. Thacker*, for appellant.

*Ronald A. Calkins*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. American Transportation Corporation appeals from a decision of the Arkansas Board of Review holding that a number of drivers hired by appellant to deliver school buses assembled at appellant's plant were employees for whom contributions were required under the Arkansas Employment Security Act. Appellant contends that the drivers were exempt as independent contractors within the meaning of Ark. Code Ann. § 11-10-210(e) (1987), which provides:

> (e) Service performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the Director that:
>
> (1) Such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; *and*
>
> (2) Such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; *and*
>
> (3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

(Emphasis added.) The Board found that appellant did not meet the criteria for any of the three prongs of the test provided in this section and was liable for contributions required by the Act. We affirm.

■■ In order to obtain the exemption contained in the Act, it is necessary that the employer show to the satisfaction of the Director that the requirements of all three subsections have been met. *Morris* v. *Everett*, 7 Ark. App. 243, 647 S.W.2d 476 (1983). Therefore, if there is sufficient evidence to support a finding that any one of the three requirements were not met, the case must be affirmed. In reviewing decisions of the Board of Review, this court views the evidence in the light most favorable to the Board's findings, giving them the benefit of every legitimate inference that can be drawn from the testimony, and will affirm the determination of the Board if its findings are supported by substantial evidence. *Haig* v. *Everett*, 8 Ark. App. 255, 650 S.W.2d 593 (1983). The issue to determine is not whether the evidence would support some different finding, but whether it supports the finding actually reached by the Board. *Shipley Baking Co.* v. *Stiles*, 17 Ark. App. 72, 703 S.W.2d 465 (1986).

Appellant first contends that the Board's finding that the drivers were not free from appellant's control and direction is not supported by substantial evidence. We cannot agree. As a full recitation of the evidence presented to the Board would serve no useful purpose, we refer only to those facts essential to an understanding of our opinion.

Appellant introduced into evidence its contract with the drivers which purported to require the drivers to assume all responsibility for the "means and manner" of delivering the buses. Appellant's president testified to the effect that the company followed the provisions of the contract and did not exercise control over the activities of the drivers.

However, despite the terms of the contract, there was evidence that the drivers were not in fact free from appellant's control and direction in connection with the performance of the services. Even though the drivers were referred to as "independent contractors," they were required to take a physical examination by a doctor designated by appellant before undertaking any duties. James Smith, a former driver, testified that the drivers were not permitted to negotiate the terms of the contract. Despite the provisions of the contract to the contrary, payment for services was based on a fixed fee of thirty-four cents a mile. All assignments for deliveries were made by the company's represen-

tative and the driver had no input into which deliveries he would make. There was no bidding on jobs, and they were all assigned on a "take-it or leave-it" basis. Smith testified that he was of the impression that the assignment made by Mr. Kirby, the company's representative, was the one he had to take. Smith stated that it was his belief that if a driver refused a job he would be fired on the spot or have some other punitive action taken against him.

Smith also testified that drivers had been fired for transporting passengers who had been picked up on the highway while in distress. Drivers were not allowed to use the bus to transport other materials for delivery. There were verbal instructions not to eat or drink in the bus, that the bus be clean when it was delivered, that the drivers be showered and shaved before delivering the bus because they were the corporation's personal contact with the dealer. Drivers were not allowed to smoke on the bus. They were required to check the oil, all fuel levels, and make minor repairs on the bus before delivery. Smith further testified that, in addition to these duties, they were expected by appellant to furnish services at civic functions in Faulkner County. He stated that if a driver did not perform those services, he would receive no further assignments.

From our review of the record, including the evidence that the drivers' activities, assignments, routes, and rate of wages were dictated by appellant, we conclude that there is substantial evidence to support the Board's finding that the drivers were not free from appellant's control and direction.

Appellant also contends that the Board erred in making this finding because it was based on hearsay contained in the testimony of James Smith, a former contract driver. Appellant argues that the Board of Review was not entitled to consider any hearsay as a basis for these conclusions, as "it does not qualify as substantial evidence." Although some of Smith's testimony was based on hearsay, we do not agree that it could not constitute substantial evidence.

The Board of Review is not bound by common law or statutory rules of evidence. Hearsay evidence can constitute substantial evidence in unemployment compensation cases, but the opposing party must be given an opportunity to subpoena and cross-examine adverse witnesses at some stage of the proceeding

if he requests it. *Haynes* v. *Director of Labor*, 19 Ark. App. 71, 719 S.W.2d 437 (1986). Where, as here, the party does not request the right to cross-examine witnesses whose hearsay statements have been received in evidence, he effectively waives his right of cross-examination, and due process requirements are not violated. *Edwards* v. *Stiles*, 23 Ark. App. 96, 743 S.W.2d 12 (1988).

As we conclude that the Board's finding that appellant failed to satisfy the first prong of the test of § 11-10-210(e) is supported by substantial evidence, we need not discuss the Board's findings on the remaining two prongs.

Affirmed.

COOPER and ROGERS, JJ., agree.