Jane STEPHERSON *v.*
DIRECTOR, Employment Security Department

E 94-71                                                895 S.W.2d 950

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1995

*Hardin & Grace, P.A.*, for appellant.

*Ronald A. Calkins*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Jane Stepherson appeals from an order of the Arkansas Board of Review holding that drivers of appellant's trucks, which were leased to a broker, were employees for whom contributions were required under the Arkansas Employment Security Act. The Board found that appellant failed in her burden of proving that the drivers, who without dispute were providing services for wages, were independent contractors within the meaning of Ark. Code Ann. § 11-10-210(e) (Supp. 1993). Appellant contends the Board erred in this ruling. We affirm.

Appellant contends that the drivers were exempt as independent contractors within the meaning of Ark. Code Ann. § 11-10-210(e) (Supp. 1993), which provides:

(e) Service performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the director that:

(1) Such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and

(2) Such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

The Board found that appellant did not meet the criteria for the first and third prongs of the test and was liable for contributions. We affirm.

■■ In order to obtain the exemption contained in § 11-10-210(e), it is necessary that the employer prove *each* of subsections (e)(1) through (3). *American Transportation Corp.* v. *Director*, 39 Ark. App. 104, 840 S.W.2d 198 (1992). Therefore, if there is sufficient evidence to support a finding that any one of the three requirements is not met, the case must be affirmed. *Id.* In reviewing decisions of the Board of Review, this court views the evidence in the light most favorable to the Board's findings, giving them the benefit of every legitimate inference that can be drawn from the testimony and will affirm the Board's decision if its findings are supported by substantial evidence. *Id.*

Appellant testified that she leased three trucks to Fikes Truck Line, Inc. (hereinafter "Fikes"), that Fikes hired drivers to drive her trucks in transporting loads, and that Fikes paid her a percentage for each load. She stated that she was not involved in the "trucking business," but rather the "equipment leasing business." Contrary to appellant's assertion that she was only in the equipment leasing business, the Board found that appellant was more than a lessor of trucks because she interacted with the drivers. Appellant testified that her contact with the drivers concerned maintenance and repair of the trucks and issuing the drivers a paycheck upon completion of a load based on an individual pay rate she had negotiated with them. Appellant also said that she advertised for drivers, and referred drivers to Fikes for approval and hiring. Appellant testified that under her lease agreement with Fikes, her income depended on how much the drivers used her trucks. Appellant stated that she was usually unaware of when her trucks were not being used. She mentioned two occasions on which she was aware that a truck was not being used and on one of these occasions, she made the decision about whether to leave the truck where it was or to have it picked up.

■ Appellant argues that she has satisfied the third prong of the test because the drivers are in the trucking business, an "independent business" from her business of equipment leasing. Appellant's argument misconstrues the third prong of the

three-part test. In order for an employer to satisfy the third prong of the test, the employer must show that the individual is "customarily engaged in an independently established trade, occupation, profession, or business *of the same nature as that involved in the service performed.*" Ark. Code Ann. § 11-10-210(e)(3) (emphasis added). *See Morris* v. *Everett, Director*, 7 Ark. App. 243, 647 S.W.2d 476 (1983). Appellant testified that a majority of the drivers worked 40 hours a week driving one of her trucks for Fikes. One of the drivers, Craig Weasenforth, testified that he never drove another truck for any other company during the time that he drove one of appellant's trucks. He also testified that a majority of his jobs were obtained through Fikes although he obtained a job through a broker other than Fikes (known as "trip leasing") and that he used appellant's truck to perform the job and was paid by appellant. The Board found that "trip leasing" occurred infrequently. Another driver, William Cooper, said that he drove one of appellant's trucks for five to six years and did not drive for anyone else during that time. The Board noted that each driver who testified said that he did not drive for anyone else while driving one of *appellant's trucks* and that appellant testified that she was unaware of the drivers working for other companies during the time they drove for her. The Board found that none of the drivers was customarily and independently engaged in a business of the same nature as that of appellant.

As we cannot conclude that the Board's finding that appellant failed to satisfy the third prong of the test of § 11-10-210(e) is not supported by substantial evidence, we need not discuss the Board's findings as to the first prong of the test.

Affirmed.

COOPER and ROBBINS, JJ., agree.