NETWORK DESIGN ENGINEERING, INC. *v.*
DIRECTOR, Employment Security Department

E 95-48 917 S.W.2d 168

Court of Appeals of Arkansas
Division I
Opinion delivered March 6, 1996

*Friday, Eldredge & Clark,* by: *Michael S. Moore,* for appellant.

*Allan Pruitt,* for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Board of Review's decision finding that appellant's relationship to inspectors constituted covered employment subject to the payment of unemployment insurance taxes under Ark. Code Ann. § 11-10-210(e) (Supp. 1993), based on the finding that the inspectors were not independent contractors, but employees of appellant. On appeal, appellant argues that the Board's decision is arbitrary, capricious, unreasonable and not supported by substantial evidence. We disagree and affirm.

It is undisputed that Finley Engineering Company contracted with the Federated States of Micronesia Telephone Company (FSM) to design and supervise the installation of cable in the Federated States. Finley then subcontracted to appellant, an engineering company involved in the communications industry, the function of supervising the installation portion of the prime contract. Appellant maintained offices at FSM and hired twenty to twenty-five inspectors. The inspectors were engaged pursuant to a form contract which was required by FSM's government. The inspectors were to insure that the installation was accomplished according to specifications contained in the prime contract.

On appeal, appellant argues that the inspectors were exempt as independent contractors within the meaning of Ark. Code Ann. § 11-10-210(e) (Supp. 1993), which provides:

> Services performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the Director that:

(1) Such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and

(2) Such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

 In order to obtain the exemption contained in § 11-10-210(e), it is necessary that the employer prove each of subsections (e)(1) through (3). *Stepherson* v. *Director*, 49 Ark. App. 53, 895 S.W.2d 950 (1995). Therefore, if there is sufficient evidence to support a finding that any one of the three requirements is not met, the case must be affirmed. *Id.* In reviewing a decision of the Board of Review, this court views the evidence in the light most favorable to the Board's findings, giving them the benefit of every legitimate inference that can be drawn from the testimony and will affirm the Board's decision if its findings are supported by substantial evidence. *American Transportation Corp.* v. *Director*, 39 Ark. App. 104, 840 S.W.2d 198 (1992).

Appellant first argues that the Board's finding that the inspectors were not free from appellant's direction and control is not supported by substantial evidence. We disagree.

Charles W. Miller, president of appellant's corporation, testified that appellant and the inspectors entered into a contract which was required by the government of the Federated States. The contract in this case reveals that all language used referred to appellant as "employer" and the inspectors as "employees". The contract also reveals that the inspectors were to be paid by the hour, that appellant would pay the inspectors $50.00 per day for board and lodging, and that appellant reserved the right to terminate the relationship by giving a 30-day written notice. The contract also revealed that appellant essentially controlled the number of overtime hours worked by the inspectors. The con-

tract specifically provided that appellant had the right to terminate the inspectors for failure to maintain good personal habits as well as failure to conform to appellant's rules and regulations policy. Mr. Miller testified that appellant had the right to terminate a contract with an inspector if he or she did not perform his or her duties. Another section of the contract indicates that the inspectors will be employed ". . . for the employer and no other person or company for wage . . ." without prior written consent by the Federated States.

Mr. Miller testified further that appellant assigned the inspectors to each crew that was to be supervised. He also stated that the inspectors were not supervised on the job, and that they had authority to make changes "so long as it was not a major change in design." Mr. Miller added that on the first day he was the only individual available and that he worked as an inspector on that day. He also concluded that if an inspector had not been available on a particular day, he would have supervised the crew as an inspector on a temporary basis.

■ From our review of the record, including the evidence of the inspector's assignments, rate of wages, number of overtime hours, limited discretion, and appellant's ability to terminate the inspectors for failure to maintain personal habits and conform to appellant's rules and regulations policy, we conclude that there is substantial evidence to support the Board's finding that the inspectors were not free from appellant's control and direction. Because we find that the Board's finding that appellant failed to satisfy the first prong of the test under § 11-10-210(e) is supported by substantial evidence, we need not discuss the Board's findings on the remaining two prongs.

Affirmed.

PITTMAN and COOPER, JJ., agree.