BARB'S 3-D DEMO SERVICE *v.* DIRECTOR,
Arkansas Employment Security Department

E 98-247                                                    13 S.W.3d 206

Court of Appeals of Arkansas
Division II
Opinion delivered March 22, 2000

*Wright, Lindsey & Jennings LLP,* by: *Stephen R. Lancaster,* for appellant.

*Allan Pruitt,* for appellee.

SAM BIRD, Judge. Barb's 3-D Demo Service, a small business owned by Barbara Dorris, brings this appeal from the Board of Review contending that the Board erred in finding that food demonstrators working for her business are employees rather than independent contractors and that Barb's is not exempt from paying unemployment insurance taxes. We affirm.

In early 1998, Karen Whitman, a demonstrator who had worked for Barb's, made a claim for unemployment benefits. The Employment Security Division determined that the demonstrators were employees of Barb's rather than independent contractors, and, therefore, subject to the Arkansas Employment Security Law. Barb's appealed to the Board of Review.

A hearing was conducted on July 8, 1998, at which time Dorris testified regarding Barb's usual method of doing business. She said that after a sales representative or broker contacts her about arranging a product demonstration in a store, such as Wal-Mart, Dorris contacts people by phone to see if they are available, and that if they are, she tells them at which store the product is to be demonstrated. The products to be demonstrated are provided by the company and the store, not by Barb's, and the demonstrators are reimbursed for any supplies used to demonstrate the product. However, Dorris stated that if the demonstration requires certain equipment, such as a skillet, toaster oven, or card table, the demonstrators

are required to supply these items. Many of the people who work for her also perform demonstrations for other agencies similar to Barb's.

Dorris testified she has a list of about 175 people, and when she contacts them, she informs them that they are independent contractors, and she does not withhold taxes from their paychecks. She stated that the demonstrators take a "demo form" with them, fill it out at the end of the demonstration, send it to her, and she sends it the company for which the demonstration was held. She stated that when she contacts a person to do a demonstration, she negotiates the pay; sometimes she pays more, depending on the difficulty she experiences in getting someone to do the demonstration. The amount of the fee that the vendor is willing to pay for a demonstration is also a factor in how much Dorris will agree to pay a demonstrator.

Dorris stated that she does not train the demonstrators, does not require a dress code, does not call the store to make sure that a demonstrator showed up, does not tell the demonstrators when to take breaks, and does not regulate their working hours. If a demonstrator is unable to work on a day that she is scheduled to work, then the demonstrator is responsible for finding a replacement.

Dorris testified that she told Whitman that she was an independent contractor and would send her a 1099 form after Whitman had earned $600.

Nancy Harrison testified she has done demonstrations for about thirteen years and has been doing demonstrations through Barb's for approximately three years. She stated that Barb's has never withheld any money for taxes from her checks and that she considers herself to be an independent contractor. She stated that she works for many agencies, and when they call her, she will find out the location where the demonstration is to be held and the days that the vendor will require her to perform the demonstration.

For the Board's review, Barb's also submitted several affidavits and letters from women who had worked as demonstrators for her and who stated that they considered themselves to be independent contractors, that Barb's did not withhold federal or state taxes from their paychecks, that they may accept or decline a job, and that Barb's does not furnish any supplies, equipment or training.

Jim Waits, chief of contributions for ESD, testified that after Whitman filed her claim, an investigation was conducted by ESD. He stated that the department contacted Dorris and obtained additional information from her. He stated that he determined, based upon the requested information, that an "employment situation" existed.

Based upon the evidence presented, the Board of Review found that because the evidence established that the demonstrators were employees of Barb's and not independent contractors, Barb's is not exempt from paying unemployment insurance taxes. The Board applied factors set forth in Ark. Code Ann. § 11-10-210(e) (Repl. 1996), which provides:

> (e) Service performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the director that:
>
> (1) Such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and
>
> (2) Such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and
>
> (3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

The Board found that Barb's had not proven any of the three factors required in order to establish that an employee/employer relationship did not exist between her company and the demonstrators; therefore, Barb's was not exempt from paying unemployment taxes. Barb's brings this appeal contending that the Board of Review erred in determining that it had failed to met the statutory elements as set forth in Ark. Code Ann. § 11-10-210(e) and contends that Barb's is entitled to an exemption from paying unemployment insurance taxes.

On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. *Steinert v.*

*Director,* 64 Ark. App. 122, 979 S.W.2d 908 (1998); *Network Design Eng'g, Inc. v. Director,* 52 Ark. App. 193, 917 S.W.2d 168 (1996); *Stepherson v. Director,* 49 Ark. App. 52, 895 S.W.2d 950 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Steinert v. Director, supra.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Steinert v. Director, supra; Network Design Eng'g, Inc. v. Director, supra.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Steinert v. Director, supra; Stepherson v. Director, supra.*

In order to establish the exemption set forth in section 11-10-210(e), an employer must prove each of the three requirements in subsections (1)-(3). *Steinert v. Director, supra; Network Design Eng'g Inc. v. Director, supra; Morris v. Everett, Director,* 7 Ark. App. 243, 647 S.W.2d 476 (1983). If there is sufficient evidence to support the Board's finding that any one of the three requirements is not met, the case must be affirmed. *Steinert v. Director, supra; Network Design Eng'g Inc. v. Director, supra.*

In the case at bar, the Board determined that Barb's had failed to satisfy all three of the statutory requirements. Because we agree with the Board that Barb's does not satisfy the third statutory element, we affirm the Board's decision that an employer/employee relationship exists between Barb's and the demonstrators such that it would subject Barb's to the payment of unemployment insurance taxes. Consequently, it is unnecessary for us to address the remaining two statutory requirements.

Under Ark. Code Ann. § 11-10-210(e)(3), an individual performing services for wages is deemed to be an employee, for purposes of unemployment insurance taxes, unless:

> Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

Barb's argues that the Board erred in finding that it had not proven that the demonstrators were customarily engaged in the independently established trade of demonstrating. It contends that

because her employees perform demonstrations for agencies other than Barb's, they should be considered to be independently established in the trade of demonstrating.

The Board found "the evidence did not establish ... any significant 'business investment' by the demonstrators, nor any substantial number of direct contacts by demonstrators with vendors in connection with obtaining assignments. Neither has it been shown that demonstrators successfully operate as businesses independently of entities like the employer."

In *Sample & Sell v. Labor & Ind. Relations Comm'n*, 764 S.W.2d 109 (Mo. Ct. App. 1988), the Missouri Court of Appeals, in addressing the issue of whether demonstrators were independent contractors or employees, construed a Missouri statute, which is very similar to the Arkansas statute, and stated that if an individual is dependent on another entity to obtain work, then that individual cannot be considered to be an independent contractor. The Missouri court stated that the reason for the third statutory requirement is to include in coverage those people whose activities are free from the detailed control of an employer, but whose independence is, nonetheless, not the kind of independence that commonly rids the true entrepreneur of the risk of employment. *Id.* Therefore, the Missouri court held that since the demonstrators were not capable of providing their services without dependence upon another entity, they are not engaged in an entrepreneurial enterprise.

The same issue was addressed and a similar statute construed by the Supreme Court of Illinois in *Jack Bradley Inc. v. Department of Emp. Sec.*, 585 N.E.2d 123 (Ill. 1991), in which the court held that the Illinois act "contemplates that one who is engaged in an independent enterprise is an individual who has a proprietary interest in such business to the extent that he can operate [the] same without hindrance from any individual whatsoever and whose business also is free from control." 585 N.E.2d at 130 (quoting from *Murphy v. Daumit*, 56 N.E.2d 800, 805 (Ill. 1944)).

In the case at bar, it is clear that although Barb's exercised little control as to the demonstrators' working conditions and the demonstrators were free to accept or reject a job and could work for other agencies similar to Barb's, they also were not independently

established in a trade, occupation, profession, or business of the same nature as that involved in the service performed.

■ We do not find persuasive the fact that the demonstrators had working relationships with other agencies because the demonstrators may have simply had a relationship similar to the one they had with Barb's in that they were offered only part-time employment. We agree with the test set forth in *Jack Bradley Inc. v. Department of Emp. Sec.*: "The focus of any inquiry should rather be upon whether Bradley, Inc.'s food demonstrators had businesses or occupations which were capable of operation independent of a relationship with Bradley, Inc., or other such 'demo' companies, *i.e.*, operations directly with vendors." 585 N.E.2d at 132.

■ Based upon the foregoing, we find substantial evidence to support the Board's findings that Barb's did not meet the statutory requirements set forth in Ark. Code. Ann. § 11-10-210(e) to prove that the demonstrators working for her company were independent contractors rather than employees, and that Barb's does not qualify for an exemption from unemployment insurance taxes.

Affirmed.

JENNINGS, J., agrees.

MEADS, J., concurs.

MARGARET MEADS, Judge, concurring. I concur in the decision we reach in this case, because I believe our standard of review permits no other result. I write separately, however, to express my belief that the statutory requirements for an employer to establish an exemption from paying unemployment insurance taxes have been made so stringent that no employer can ever meet them.

Under former law, services performed by an individual for wages were deemed to be employment subject to the Arkansas Employment Security Act unless and until it was shown, to the satisfaction of the Commissioner of Labor, that:

> A. such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; *or that*

B. such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; *or that*

C. such individual is customarily engaged in an independently established trade, occupation, profession, or business; provided, however, this act shall be construed to apply only where the legal relationship of master and servant exists; and independent contractors, as defined by the common law of the State, shall be deemed employers, or the employing unit, and not employees; the foregoing definition governing employment relationship shall apply solely for the purpose of the administration of this act and for no other purpose. The statutory employee created by this act shall not abrogate the common law definition of master and servant as the same applies in actions in tort, nor shall the supervision and control required for the purposes of this act to be exercised by an employing unit over said statutory employees be admissible in actions in tort. (Emphasis added.)

Ark. Stat. Ann. § 81-1103(i)(5)(1960); *see also Crossett Lumber Co. v. McCain*, 205 Ark. 631, 170 S.W.2d 64 (1943). This statute was amended by Act 35 of 1971, and is now codified as Ark. Code Ann. § 11-10-210(e), which provides:

(E) Service performed by an individual for wages shall be deemed to be employment subject to this Act irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the commissioner that —

(1) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; *and*

(2) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; *and*

(3) such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed. (Emphasis added.)

As stated in *Morris v. Everett*, 7 Ark. App. 243, 647 S.W.2d 476 (1983), by passing Act 35, the General Assembly intended to make it more difficult to claim an exemption; Act 35 joined the foregoing subdivisions with the conjunction "and," thereby requiring a person to show all three before obtaining an exemption.

The significant facts of this case are recited in the prevailing opinion. Despite the Board of Review's conclusion that appellant proved none of the three requirements of Ark. Code Ann. § 11-10-210(e), I believe appellant clearly established the first two requirements.

With regard to subsection (1), I am convinced that the demonstrators are completely free from any control or direction by appellant in performing their assigned food demonstrations. Appellant simply procures a demonstrator and advises her of the date to show up at a designated store. Beyond that, the demonstrator's work is totally self-directed. The Board of Review points to the fact that unsatisfactory performance by a demonstrator can result in no future assignments, which is "ultimate control." I disagree. There is no guarantee that appellant will ever call a demonstrator for future assignments, even if she is "the best." Moreover, there was no proof that appellant even followed up to determine whether a demonstrator performed her work satisfactorily or unsatisfactorily.

With regard to subsection (2), the evidence showed that appellant's actual business enterprise is the procuring of demonstrators pursuant to a vendor's request; that Mrs. Dorris conducts this business enterprise from her home and from no other location; and that no demonstrations are conducted at Mrs. Dorris's home. Thus, the service performed, demonstrating, is indeed "performed outside of all the places of business of the enterprise for which the service is performed." Ark. Code Ann. § 11-10-210(e)(2)(Supp. 1999).

Although I realize that present law requires an employer to prove all three requirements in section 11-10-210(e) in order to be exempt, and appellant has been unable to do so, I find it difficult to imagine an "employment" relationship more deserving of exemption than this. Under former law, appellant would have established her case for exemption by proving either of the first two requirements. Moreover, I would find it incredulous to learn that one of

appellant's demonstrators, electing not to accept further assign-
ments, sought and actually received unemployment benefits.