

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-13-1226

| | |
|---|---|
| JANA O'DELL D/B/A PROFESSIONAL TRANSCRIPTION<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND EMPLOYER CONTRIBUTIONS UNIT<br><br>APPELLEES | **Opinion Delivered** September 24, 2014<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2013-BR-002-EC ]<br><br><br><br><br><br>REVERSED AND REMANDED |

## RHONDA K. WOOD, Judge

Jana O'Dell, d/b/a Professional Transcription, appeals the Arkansas Board of Review's decision holding that O'Dell is responsible for paying unemployment taxes on the typists she hires because she failed to satisfy the three-prong test in Arkansas Code Annotated section 11-10-210(e). O'Dell contends that the Board's findings are not supported by substantial evidence. We reverse the Board's decision.

The Arkansas Department of Workforce Services issued a Determination Letter of Liability finding that Gina Polston and other similarly situated workers were employees of O'Dell for employer tax-contribution purposes. O'Dell requested that the Department's director issue a "Determination of Coverage." The director conducted a telephone hearing and decided that Polston was an employee of O'Dell. O'Dell appealed that



decision to the Arkansas Board of Review, which affirmed. O'Dell filed a timely notice of appeal.

We consider the Board of Review's findings of fact conclusive if they are supported by substantial evidence and view the evidence in the light most favorable to the Board's findings. *Baldor Elec. Co. v. Ark. Emp't Sec. Dep't*, 71 Ark. App. 166, 27 S.W.3d 771 (2000). However, we conduct a de novo review when there are issues of statutory construction. *Ark. Comprehensive Health Ins. Pool v. Denton*, 374 Ark. 162, 286 S.W.3d 698 (2008). Arkansas Code Annotated section 11–10–210(e) (Supp. 2005) provides that the following three-prong test should be used to determine whether a worker is not an employee for unemployment-benefit purposes:

> (e) Services performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the Director that:
>
> (1) Such individual has been and will continue to be free from control and direction in connection with the performance of such service,both under his contract for the performance of service and in fact;
>
> (2) The service is performed either outside the usual course of the business for which the service is performed or is performed outside all the places of business of the enterprise for which the service is performed; and
>
> (3) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

There is a presumption of employee status, and to overcome that presumption, the party seeking the exemption must establish that all three subsections are satisfied. *Morris v. Everett*, 7 Ark. App. 243, 647 S.W.2d 476 (1983). Thus, to establish that Polston and other



workers were independent contractors, O'Dell was required to prove the existence of all three factors.

The record showed that O'Dell provided medical-transcription services to physicians for St. Vincent Hospital. The physicians provided tapes to O'Dell, who would transcribe them. She also assigned tapes to other typists when she had more work than she could complete alone. The typists picked up the tapes from O'Dell's residence, transcribed them, and returned their transcriptions on a thumb drive or floppy disk. O'Dell then reviewed the transcripts, made necessary changes, printed them, and returned them to the physicians.

The Board found that O'Dell failed to prove the first prong: namely, that Polston and other typists were not free from her control. We disagree with the Board's broad interpretation of the statute. The sole evidence of control before the Board was that O'Dell gave instructions to her typists regarding the format, font, and margins, and she required them to return the completed work within 24−36 hours. Once the work was returned, O'Dell would review it and make any revisions before forwarding the product to St. Vincent. If any of the typists failed to adequately complete the work, O'Dell retained termination rights and did not pay them. The Board's broad interpretation results in it becoming next to impossible for anyone to be free from control. The legislature surely intended for independent contractors to exist in Arkansas or the statutory test would not exist. Providing an independent contractor with basic guidelines and retaining the right to discontinue using them in the future does not equate to control sufficient to create an employer-employee relationship under the statute.

Even had we agreed with the Board's statutory interpretation, this was also not substantial evidence of control under Ark. Code Ann. § 11-10-210(e)(1).[1] While we give great deference to the Board's findings of facts, the facts must equate to substantial evidence that reasonable minds might accept as adequate to support a conclusion. We simply do not agree there was evidence substantial enough for the Board to find that O'Dell had failed to meet the burden of proving that the typists she hired were free from her control and direction.

The Board additionally found that O'Dell failed to meet the second prong of the three-part test by not proving that the typists' services were "performed outside all the places of business of the enterprise for which the service is performed."[2] Ark. Code Ann. § 11-10-210(e)(2). Here, the Board incorrectly applied a supreme court case addressing this issue: *Mamo Transportation, Inc. v. Williams*, 375 Ark. 97, 289 S.W.3d 79 (2008).

In *Mamo*, our supreme court stated "we hold that 'place of business' is the place where the enterprise is performed. An enterprise's place of business must be decided on a case by case basis." *Id*. at 103, 289 S.W.3d at 85. More specifically, the court compared the facts in *Mamo* with the facts in *Home Care Professionals of Arkansas, Inc. v. Williams*, 95 Ark. App. 194, 235 S.W.3d 536 (2006). In *Home Care*, the enterprise contracted home-

---

[1]While we do not weigh the evidence in these cases, it is useful to note that the Board also had the following uncontroverted evidence: (1) O'Dell did not control who actually performed the typing (the typists often used others to complete the work); (2) the typists could, and some did, work for other entities; (3) O'Dell did not train, supervise, or provide equipment; and (4) O'Dell did not control the hours worked or the typists' wardrobe.

[2]It is clear that O'Dell is in the business of transcription services and her typists performed said services; therefore, our focus is on the second subsection of the second prong.



healthcare professionals to provide care in client's homes. In *Mamo*, the enterprise contracted trucks to provide transportation across the United States and Canada.

In both *Home Care* and *Mamo*, the enterprise in question necessarily entailed providing a service that could be done only at a place of business outside the enterprise's actual physical office. Transportation takes place on the open road, and home healthcare takes place in the clients' homes. Thus, in both those cases, the employer failed the second prong because the services were performed within the places of business of the enterprise: that is, on the road and in the home.

The present case involves a business venture different from those in *Mamo* and *Home Care*. O'Dell's enterprise was to provide transcription services. She could and did provide this service within her business office, her home. However, the key difference is that the typists she contracted with did not provide the service at her place of business but at their places of business or where they chose to complete the work. The service here did not dictate alternative places of businesses as necessary to fulfill the purpose of the enterprise. As a result, the Board of Review incorrectly applied *Mamo* and thus erred in finding that she failed to prove the second prong.

In sum, to overcome the presumption of employment, the party seeking the exception must prove the existence of all three subsections of Ark. Code Ann. § 11-10-210(e). The Board of Review failed to address the third prong after erroneously ruling that O'Dell had failed to meet the first and second prongs. We therefore reverse and remand for the Board to consider whether she met the third prong.

Reversed and remanded.

G<small>LADWIN</small>, C.J., and B<small>ROWN</small>, J., agree.

*R. David Lewis*, for appellant.

*Phyllis A. Edwards*, for appellees.