

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** E-14-924

|  |  |
|---|---|
| JEFFERSON-LINCOLN COUNTY CIRCUIT COURT<br><br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES EMPLOYER CONTRIBUTIONS UNIT<br>APPELLEE | **Opinion Delivered** September 16, 2015<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[No. 2014-EC-22]<br><br><br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Jefferson-Lincoln County Circuit Court appeals the October 9, 2014, decision of the Director of the Arkansas Department of Workforce Services (Director) finding that it was not exempt from unemployment-insurance-tax liability with respect to Sweet Burroughs and other similarly situated workers working under the same conditions. On appeal, appellant argues that the Director erred in finding that Burroughs was an employee. We affirm.

On May 2, 2014, the Arkansas Department of Workforce Services (Department) issued an unemployment-tax-liability letter to appellant with respect to worker Sweet Burroughs. Appellant appealed the Department's findings and requested a hearing pursuant to Arkansas Code Annotated section 11-10-308(a) (Repl. 2012). The hearing took place on September 25, 2014.

SLIP OPINION

At the hearing, Juwana Jackson, the director of the Breaking the Cycle Coordinator for appellant, testified that Burroughs was a mentor through the Breaking the Cycle Program, which was designed to aid in the prevention of juvenile delinquency. Burroughs submitted an auxiliary-probation-officer application to the Jefferson County Juvenile Center on February 2, 2012. In 2013, appellant paid Burroughs $1552.

Jackson testified that she was in charge of the mandatory orientation program, informed the mentors of the confidentiality requirements and what the court did, and oversaw the progress of the mentors. She noted that the mentoring did not take place at the court, but rather in the community, such as a school or the juvenile's home. Jackson testified that the mentors were not told how, when, or where the mentoring was to be done. The mentors were not required to wear uniforms, not given supplies to perform their job, and not reimbursed for gas or mileage. Outside of the orientation, she stated the program did not provide training, but conducted monthly sessions to inform the mentors of drug trends, new juvenile laws, and community events. The mentors provided the court with a session-reporting form if they had contact with the juvenile within that month. The reporting forms were then put in the court files. She added that she did follow up with the mentors when she did not hear from them. Jackson testified that Burroughs had filled out a W-9 when she signed up as a "volunteer mentor" because she was an independent contractor and was provided with a Form 1099 at the end of the year. Jackson stated that the program was a volunteer program, but explained that the mentors were able to receive payment through a grant from the Arkansas Department of Human Services if they chose to do so. Jackson

2

stated that the mentors submitted their request for payment when they turned in the session-reporting form.

Dorris Rice, the Special Projects Coordinator for appellant, testified that she spoke with Burroughs about other employment. Rice recalled Burroughs saying that she was a substitute teacher during the same time that she was a mentor in the Breaking the Cycle Program. Dennis Johnson, a senior juvenile officer, testified that he and Burroughs attended the same church. He thought she was a licensed minister and worked with the women and youth ministries at their church. Finally, Roderick Shelby, chief of staff for appellant, testified that the court had an interest in making sure the juveniles were progressing after adjudication if they were placed on probation. He stated that it was the juvenile-probation officer's responsibility, not the mentor's, to ensure that the court's interest was protected.

After considering the evidence, the Director found that appellant had failed to meet its burden of proof to establish any of the three factors set out in Arkansas Code Annotated section 11-10-210(e) (Repl. 2012), and that the appellant's relationship with Burroughs constituted covered employment pursuant to section 11-10-308, resulting in wages subject to the payment of unemployment-insurance taxes by the appellant. Appellant appeals the Director's decision to this court pursuant to Ark. Code Ann. § 11-10-308 (d).[1]

On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. *Barb's 3-D Demo Serv. v. Dir.*, 69 Ark. App. 350, 353–54, 13 S.W.3d 206, 208 (2000). Substantial evidence is such relevant evidence as a reasonable mind might

---

[1] Pursuant to section 11-10-308, appellant had the choice to appeal the Director's decision to the Board of Review or directly to this court, and we apply the same standard of review as if it were appealed from the Board of Review. *See W. Land Svcs., Inc., v. Dir.*, 2012 Ark. App. 161 (applying same standard of review on appeal from Director's decision).

SLIP OPINION

accept as adequate to support a conclusion. *Id.*, 13 S.W.3d at 208. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.*, 13 S.W.3d at 208. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*, 13 S.W.3d at 208.

To obtain the exemption contained in section 11-10-210(e), the employer must prove each of subsections (e)(1) through (3). *Stepherson v. Dir.*, 49 Ark. App. 52, 54, 895 S.W.2d 950, 951 (1995). When there is sufficient evidence to support a finding that any one of the three requirements is not met, the case must be affirmed. *Id.*, 895 S.W.2d at 951. Section 11-10-210(e) states:

> (e) Service performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the director that:
> (1) Such individual has been and will continue to be free from control and direction in connection with the performance of the service, both under his or her contract for the performance of service and in fact;
> (2) The service is performed either outside the usual course of the business for which the service is performed or is performed outside all the places of business of the enterprise for which the service is performed; and
> (3) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

Ark. Code Ann. § 11-10-210 (Repl. 2012).

In regard to the third requirement, the Director found that appellant failed to establish that Burroughs was customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed for appellant within the meaning of section 11-10-210(e)(3). Appellant contends

4

that Burroughs was "engaged in the business of mentoring troubled youth." At the hearing, Johnson testified that he and Burroughs attended the same church, and he thought she was a licensed minister and sometimes worked with the women and youth ministries. Rice recalled Burroughs told her she also was a substitute teacher at the time she was a mentor. Considering the evidence presented, we hold that there was substantial evidence to support the Director's finding that Burroughs was not customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed for appellant. Because there is sufficient evidence to support a finding that appellant failed to prove the requirement under section 11-10-210(e)(3), we need not address the other two requirements. Therefore, we affirm.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellant.

*Phyllis A. Edwards*, for appellee.