SUPERIOR SENIOR CARE, INC. v.
DIRECTOR, Employment Security Department,
and Margaret A. Manuel

E 99-317                                      44 S.W.3d 749

Court of Appeals of Arkansas
Division I
Opinion delivered May 2, 2001

*Hurst Law Offices*, by: *Q. Byrum Hurst*, for appellant.

*Alan Franklin Pruitt*, for appellees.

SAM BIRD, Judge. Superior Senior Care, Inc., appeals a decision of the Board of Review declining to direct that Superior's proffer of additional evidence be considered in a further hearing. The decision allowed Margaret Manuel to receive benefits under Ark. Code Ann. § 11-10-513(b) (Supp. 1999), in that, after making reasonable efforts to preserve her job rights, she voluntarily left her last employment because of illness. Superior contends on appeal only that the Board erred in finding that it was an employer of Manuel. We disagree and affirm.

Manuel was employed in her last work, that of caregiver to an individual, after being referred by Superior, a licensed employment agency. Manuel's claim for benefits showed the dates of last employment as September 30, 1998, through May 5, 1999, and indicated that she had left because of vomiting and bad headaches. Manuel appeared in her own behalf in a telephone hearing conducted by a hearing officer of the Arkansas Appeal Tribunal, and Superior was represented by its president, Joseph Pascual. The hearing officer noted both parties' belief that because Superior was a referral service, it was incorrectly listed as Manuel's employer.

Superior contends that it is exempt from the Arkansas Employment Act under the requirements of Ark. Code Ann. § 11-10-210 (Supp. 1999) and *Barb's 3-D Demo Serv. v. Director*, 69 Ark. App. 350, 13 S.W.3d 206 (2000). It argues that there was no evidence from which the Board could have found that Manuel was employed by Superior, and it argues that the decision was unilateral, arbitrary, and capricious in naming Superior as the employer. Superior complains that these factors were totally disregarded: Superior neither trained nor instructed Manuel; it had no direct control over the method or means of services she performed; it had virtually no contact with her after she accepted a referral; it allowed her to accept or decline the offer of employment without consequences, and to perform services for others; [she] could have [been] referred to others through other employment agencies; another person could substitute for her if she were unable to perform the accepted engagement; and she was paid by the person to whom she was referred for employment.

The Board of Review affirmed and adopted the opinion of the Appeal Tribunal, which included the following reasoning and conclusions:

> The claimant and employer express concerns that Superior Senior Care may not technically be the employer for purposes of unemployment benefits. However, this issue is not before the Tribunal. For purposes of the claimant's separation from last work and availability for suitable work, Superior will be treated as the claimant's last employer, although this treatment does not establish that Superior is in fact an employer for contribution purposes. Any such determination rests with the Department and is not affected by this decision.

Regarding the issue of whether Superior was Manuel's employer for purposes of the claim, the Board additionally made these observations:

> The employer's presentation to the Appeal Tribunal, as well as its argument and offer to the Board of Review, principally concerns employer coverage issues. However, the appellate jurisdiction in this separation matter does not extend to such issues. *The issues of qualification for benefits arising from separation from "last work" are distinct from issues of whether the claimant performed "insured work,: that is, services for an "employer" in "employment," within the meanings of Ark. Code Ann. §§ 11-10-217, 11-10-209 and 11-10-210, respectively.* Any reference in this decision, or in the appeal Tribunal's decision as adopted by the Board, to an employer reflects factual circumstances of the claimant's last work. Such references are a convenience of form which does not indicate adjudication of the last work in this matter as covered or insured work under the Arkansas Employment Security Law. *The procedure for adjudication of any employer coverage issue raised in this record is principally provided for at Ark. Code Ann. § 11-10-308 and related regulations of the Director of Employment Security, especially Regulation No. 27. As need be, a party may apply to the Department in that regard.*

The procedure for making a determination of employer-coverage issues is found at Ark. Code Ann. § 11-10-308 (Supp. 1999), entitled "Director–Administrative determinations of coverage." Subsection (a) of the statute states:

> The Director of the Arkansas Employment Security Department may, upon his own motion or application of an employing

> unit, ... make findings of fact and, on the basis thereof, determinations with respect to whether an employing unit constitutes an employer and whether services performed for or in connection with the business of an employing unit constitute employment for that employing unit.

Subsection (b)(1) allows either the director or any interested party to certify the question of coverage to the Board of Review for its determination, and (b)(2) allows an appeal to the Board from the director's determination on all matters with respect to coverage.

We do not interpret the Board's decision, or the decision of the Appeal Tribunal that was adopted by the Board, as having determined any of the employer-coverage issues that are referred to in section 11-10-308, including Superior's status an an employer. The only determination made by the Board in its decision is that Manuel is entitled to benefits under the Employment Security Act upon a finding that she left her last work voluntarily and without good cause connected with the work because of illness, after making reasonable efforts to preserve her job rights. Superior does not contest that determination by the Board but argues, instead, that Superior is not Manuel's employer, an issue not addressed by the Board's decision.

We find that the Board was correct in ruling that its appellate jurisdiction in this separation matter did not extend to the issues of employer coverage. Manuel neither filed a motion for determination of employer coverage with the AESD director nor certified the question to the Board of Review. There was no appeal of the employer-coverage issues before the Board, and the Board made no determination as to the employer-coverage issues; therefore, the Board properly refused to consider the proffered evidence.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.