SLIP OPINION



Cite as 2016 Ark. App. 41

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-15-227

| | |
|---|---|
| ASSISTED CARE FOR SENIORS<br>APPELLANT | **Opinion Delivered** January 27, 2016 |
| V. | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR-00339] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES AND<br>VICKY EMBERTON<br>APPELLEES | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Assisted Care for Seniors ("ACS") appeals the Arkansas Board of Review's ("the Board") decision awarding Vickie Emberton unemployment benefits. On appeal, ACS argues that the Board erred in finding that Emberton and similarly situated employees are employees of ACS and not independent contractors. We affirm.

ACS is a referral service for in-home caregivers. Emberton was a caregiver for ACS and worked in the home of Mr. and Mrs. Seale. On August 7, 2014, the Seales fired Emberton. Following her termination, Emberton filed for unemployment benefits.

ACS disputed Emberton's claim. It asserted that Emberton was not entitled to benefits because (1) Emberton was an independent contractor and not its employee, and (2) the Seales terminated Emberton for misconduct. On November 17, 2014, the Arkansas Department of Workforce Services ("the Department") issued a letter to ACS determining that Emberton

and similarly situated employees were employees of ACS and not independent contractors. However, the letter is not in the record before us. Further, no appeal of that decision is in the record before us.

On December 11, 2014, the Department issued a decision finding that Emberton was discharged from ACS for being physically unable to perform job duties and not for willful misconduct. ACS appealed the Department's December 11 decision to the Arkansas Appeal Tribunal ("the Tribunal"). The Tribunal held a hearing on January 21, 2015, and then issued a decision affirming the Department on January 27, 2015. In the decision, the Tribunal indicated that the issue before it was "whether the claimant voluntarily left, was discharged, or suspended from last work and whether the circumstances of the separation entitle the claimant to benefits."

ACS appealed the Tribunal's decision to the Board, and on March 17, 2015, the Board affirmed the Tribunal. In its decision, the Board noted that

> throughout the Tribunal's hearing, [ACS] argued that [Emberton] was an independent contractor. The 'issue of last work' for unemployment purposes is separate from the issue of whether or not the claimant was an independent contractor and whether or not the employer is liable for unemployment insurance taxes. Employer coverage issues are typically decided pursuant to Ark. Code Ann. 11-10-308, and the employer is free to inquire of the Department of Workforce Services about employer coverage issues.

ACS appealed the Board's decision to this court.

On appeal, ACS argues only that the Board erred in finding that Emberton and similarly situated employees are employees and not independent contractors. ACS recognizes that the Board did not address the employer-coverage issue in its March 17, 2015 decision; however, ACS asks this court to consider the issue because the Department addressed it in its

November 17, 2014 letter and ACS raised the issue at the Tribunal's hearing. ACS further asks the court to give it leniency if it did not properly appeal the employer-coverage issue to this court because it did not have legal counsel before the Board.

We find that the employer-coverage issue is not properly before us because the issue of employer coverage was not before the Board as the Board specifically stated in its March 17, 2015 decision. The Board determined only that ACS discharged Emberton for being physically unable to perform job duties and that Emberton is entitled to benefits. *See Superior Senior Care, Inc. v. Dir., Employment Sec. Dep't*, 73 Ark. App. 395, 44 S.W.3d 749 (2001) (finding that the Board properly concluded that its appellate jurisdiction did not extend to employer-coverage issues when there was no appeal of the employer-coverage issue before the Board and the Board made no determination as to the employer-coverage issue). Even though ACS raised the employer-coverage issue at the Tribunal's hearing, ACS did not raise the issue pursuant to Arkansas Code Annotated section 11-10-308. As the Board noted in its decision, section 11-10-308 provides for a separate procedure for ACS to seek adjudication of employer-coverage issues. Further, to any extent that ACS followed the procedure under section 11-10-308 in a separate proceeding, those documents are not in the record before us. This court has repeatedly held that matters outside the record will not be considered on appeal. *Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006).

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Davidson Law Firm*, by: *Angela Echols*, for appellant.

*Phyllis Edwards*, for appellee.