Nellie PALMER, d/b/a PALMER'S BOUTIQUE
*v.* ARKANSAS EMPLOYMENT SECURITY DIVISION

78-318                                580 S.W. 2d 683

Opinion delivered April 23, 1979
(Division II)
[Rehearing denied June 4, 1979.]

*Hoofman & Bingham, P.A.,* for appellant.

*Herrn Northcutt,* for appellee.

FRANK HOLT, Justice. Appellee's Board of Review determined that appellant was liable for contributions under the State Employment Security Law. The trial court affirmed. Appellant first asserts that the court erred in sustaining the Board's ruling inasmuch as there was no evidence to support

a finding that appellant paid wages, for services performed, to individual beauty operators. We must agree.

The facts are undisputed. Appellant leases the property in which Palmer's Boutique is located. She owns all the beauty shop equipment and pays the janitorial and utility bills. She is not a beautician and has no cosmetology license. The license for the establishment, issued by the State Board of Cosmetology, is in her name. Several individual beauty operators lease a designated space from appellant for which each operator pays appellant $36 per week. Each lease may be terminated by either appellant or the operator by giving thirty days' written notice. It provides that the business is to be operated under the name "Palmer's Boutique." Each operator has an individual cosmetology license. Appellant pays $25 per year local occupation tax and a $5 per year levy for each chair maintained. She is reimbursed for the $5 fee by each operator. Appellant withholds no income tax nor pays any tax for these individual operators. She has no knowledge of what each individual operator's earnings are. There is only one phone, and it is listed in the name of the Boutique. Appellant does not take the operator's calls nor make appointments. She is seldom on the premises except to collect her rent. Each operator works whenever she pleases and is under no obligation to report to appellant. Each operator sets her own fee scale, buys her own supplies and insurance and receives payment for her services directly from her customers.

Ark. Stat. Ann. § 81-1103 (i) (5) (Repl. 1976) provides:

Service performed by an individual for wages shall be deemed to be employment subject to this Act irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the commissioner that—

(a) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and

(b) such service is performed either outside the usual course of the business for which the service is performed

or is performed outside of all the places of business of the enterprise for which the service is performed; and

(c) such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

In *McCain* v. *Crossett Lumber Co.*, 206 Ark. 51, 174 S.W. 2d 114 (1943), we held that paragraphs (a) through (c) have no application "except in cases where the three precedent conditions are first found to exist, to-wit: (1) that services were performed; (2) by an individual; (3) for wages." § 81-1103 (n) defines wages: " 'Wages' means all remuneration paid for personal services including commissions and bonuses and cash value of all remuneration paid, in any medium other than cash." Thus, it is true, as argued by the appellee, that remuneration can be paid or received in different forms for services performed. In making the determination if remuneration is paid, this Act must be construed strictly against the State with any doubts being resolved in favor of tha taxpayer. *McCain* v. *Crossett Lumber Co.*, *supra;* and *Hervey* v. *Const. Helicopters*, 252 Ark. 728, 480 S.W. 2d 577 (1973).

Here, we are of the view that the facts are insufficient to support a finding that the beauty operators, who paid a fixed rent according to their lease agreement, "performed services" for which "wages" were paid to them by appellant within the meaning of the Act.

It becomes unnecessary to discuss appellant's contention that even if "wages" were paid, the appellant is exempt from the Act inasmuch as she has met the three requirements, (a) through (c), *supra.*

Reversed and dismissed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.