SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-12-1135

| | |
|---|---|
| THE LAW OFFICES OF CRAIG L. COOK | **Opinion Delivered** December 11, 2013 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2012-BR-02795] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and JUNE GURGEL-ANTESKI | |
| APPELLEES | AFFIRMED |

## KENNETH S. HIXSON, Judge

The Law Offices of Craig L. Cook (hereinafter "Cook" or "the law firm") appeals the decision of the Arkansas Board of Review that awarded unemployment-compensation benefits to appellee June Gurgel-Anteski.[1] Appellee was found to have been an employee of the law firm who was discharged for reasons other than misconduct connected with the work. Cook contends that the findings are not supported by substantial evidence, requiring reversal. We affirm.

We do not conduct a de novo review in appeals from the Board of Review. *Snyder v. Director*, 81 Ark. App. 262, 101 S.W.3d 270 (2003). Instead, we review the evidence and all reasonable inferences deducible from the evidence in the light most favorable to the Board

---

[1]This appeal has returned to us after we ordered rebriefing due to abstract and addendum deficiencies. *See Cook v. Dir., Dep't of Workforce Servs.*, 2013 Ark. App. 486. Those deficiencies were cured, and we now address the merits of this appeal.

of Review's findings. *Id.* The Board of Review's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* If fair-minded persons could reach the Board's conclusions on the same evidence, we must affirm its decision. *Id.* When the Board affirms and adopts the decision of the Appeal Tribunal, the Appeal Tribunal decision becomes the decision of the Board for purposes of appellate review. *Ferren v. Director*, 59 Ark. App. 213, 956 S.W.2d 198 (1997). Issues of credibility and the weight of evidence are matters for the Board to determine. *Ballard v. Dir., Ark. Dep't of Workforce Servs.*, 2012 Ark. App. 371.

The evidence revealed the following. The Law Offices of Craig L. Cook had offices in Ft. Smith, Ozark, and Paris. Anteski completed her law degree and started working for Cook in his Paris office in November 2007. By early 2012, there were disagreements between Cook and Anteski. Cook was generally unhappy with Anteski's performance as an attorney for his firm, and Anteski believed that Cook owed her money. Cook terminated Anteski by phone and followed the phone call with a letter on April 13, 2012, listing the reasons as "your unprofessional conduct, numerous client complaints, conflicting ideals regarding company procedures, as well as entertaining the idea of suing me, which was discussed during our earlier telephone conversation." Anteski admitted that she did remark that she could sue Cook over what she was allegedly owed, although she said it was meant as a joke.

Two weeks after her termination, on April 27, 2012, Anteski filed a claim for unemployment benefits claiming she had been discharged from her employment with The

SLIP OPINION

Law Offices of Craig L. Cook because "Craig owed me income. I asked him numerous times for an accounting. He kept saying he would, but never did." She explained that Cook subsequently provided an accounting, but it was not complete. Further, Anteski stated that "he controlled the cases I worked and insisted on proofreading and approving, editing, etc. the pleadings and orders that I drafted. He controlled me just like he did the secretaries. But, he paid me and the other attorneys as independent contractors in order to dodge paying one-half of our tax obligation[.]"

The Department of Workforce Services sent a notice of Anteski's claim to Cook. On May 1, 2012, Cook responded to the notice and stated in pertinent part that "Anteski was not an employee of my law firm, she was an independent contractor who is self employed." Cook clarified his position that Anteski was an independent contractor in another letter by explaining how Anteski fit all the independent-contractor criteria listed on the Department's website, mirroring the requirements of Ark. Code Ann. § 11-10-210(e) (Repl. 2012), specifically describing "control (e)(1)," "service performed (e)(2)," and "independently established trade or business (e)(3)."

On June 1, 2012, the Department issued its Notice of Agency Determination, finding that Anteski had been discharged "due to alleged contemplation of suing the employer. The claimant denies this allegation and the employer has failed to provide evidence to substantiate this allegation. It is determined that the claimant was released for reasons other than misconduct." The Department decided that Anteski was not disqualified pursuant to Ark. Code Ann. § 11-10-514 because she was not discharged for misconduct.



In Cook's "Petition For Appeal to the Appeal Tribunal," the sole issue listed was "Section 514(a)." However, Cook appended a letter with attachments that pertained to the issues of misconduct as well as Anteski's status as an independent contractor. Among the attachments were two police reports, the Independent Contractor Agreement, Cook's prior letters discussing independent-contractor status, and an affidavit. Cook also included a copy of a domestic-relations docket sheet in Logan County Circuit Court showing Anteski currently employed as a plaintiff's attorney.

The telephone hearing before the Arkansas Appeal Tribunal was conducted on September 12, 2012. At the beginning of the hearing, the hearing officer indicated that the only issue was whether Anteski voluntarily left or was discharged from her employment as defined by Ark. Code Ann. § 11-10-514(a). Cook responded that there was another issue, which was whether Anteski was an employee. Anteski objected to the inclusion of the issue of employment status. The hearing officer stated that the issue was whether Anteski was disqualified for misconduct under section 11–10–514, but that:

> Now within that issue, I will take testimony and make a determination as to whether or not the claimant—or the employer exercised enough control over the claimant so that the employer is considered to be the claimant's last work. . . . I will make a determination as to whether the employer, The Law Offices of Craig Cook, was the claimant's last employer.

Angie Jennings, secretary and bookkeeper for Cook, testified that she was aware of numerous client complaints toward Anteski; that Anteski had refused to take files from other attorneys within the firm because they were too complicated; that Anteski did not want to travel to other counties to go to court; and that clients told her that they would never use the

law firm again because of Anteski. Sue McGee, another secretary for Cook, testified that there were several instances of confrontation between Anteski and clients of the firm. McGee also testified regarding an instance where Anteski told a circuit judge that a defendant had been served, when in fact, the defendant had not, and Cook had to intervene with the judge. Cook did not testify.

Anteski testified that she graduated law school and worked for the Witt Law Firm in Ozark for a few months. She then began to work for Cook in his Paris office. Anteski and Cook executed the Independent Contractor Agreement, which was introduced into evidence. The Agreement provided, among other things, that all files originating through Cook and referred to Anteski remained the property of Cook; that all files opened by Anteski would be the property of Cook; that the fees would be divided in half after the deduction of costs expended on that file; and that Cook would pay for malpractice insurance, signs, and secretarial staff.

Anteski testified that Cook paid for most of her continuing-education expenses, provided her sample pleadings, and told her how to present a case in court. She indicated that Cook provided her guidance and training on how to handle her cases. Several emails between Cook and Anteski supported her assertion as to his guidance and advice on specific files and pleadings. Anteski testified that when Cook did not accompany her to court, Cook wanted her to call and give him a report afterward. She signed her pleadings "June Anteski, of the Law Offices of Craig L. Cook."

Anteski testified that Cook initially paid her a draw of $600 per week and that all fees went into "a big pot" and that at some point Cook "would square up the monies due." Anteski stated that in April 2011, Cook advised her that he was no longer going to pay her $600 per week but that he would only pay her one-half of what she brought in, less the costs. Anteski later requested an accounting, which she said Cook was tardy in providing. Anteski said that she discovered numerous errors in the accounting and brought it to the attention of Sue McGee, whom she asked to provide the backup invoices. When asked by McGee why else she wanted the invoices, Anteski said, "Well, I could always use them to sue him with."

Cook terminated Anteski shortly thereafter. Anteski testified that her comment about potentially suing Cook was obviously a joke. The parties stipulated that there was disagreement between them over the issue of money.

The Appeal Tribunal issued its decision on October 11, 2012, and determined that Anteski was entitled to benefits. The Tribunal made the following findings of fact:

> The claimant's initial job training was provided by the employer, she received day to day instruction from the employer, and worked from the employer's office. The claimant was discharged from work for threatening to sue the employer due to a dispute as to whether or not the employer owed monies to the claimant for work performed.

The Tribunal set forth its reasoning and conclusions, stating that the weight of the evidence indicated there was a genuine dispute as to whether Anteski was owed money and that Anteski's actions did not constitute misconduct. As to Cook's contention that Anteski was an independent contractor, the Tribunal stated that, "[t]he employer exerted sufficient

6

direction and control over the claimant to conclude that the claimant was an employee, not an independent contractor."

Cook timely appealed the decision to the Board of Review. The Board of Review affirmed the Tribunal's decision and found that the Tribunal's decision was correct as to its findings of fact and conclusions of law.[2] Cook timely appealed to this court.

We first address the finding that Anteski was terminated for reasons other than misconduct. Cook argues that this finding is not supported by substantial evidence because he proved that Anteski was guilty of misconduct. We disagree.

An individual shall be disqualified from receiving benefits if she is discharged from her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Repl. 2012). Misconduct in this context is not ordinary negligence or good-faith errors in judgment or discretion. *Rodriguez v. Director*, 2013 Ark. App. 361. It is the employer's burden to establish misconduct on the part of the employee by a preponderance of the evidence; it is a question of fact for the Board. *Id.* Typically, misconduct involves disregard of the employer's interests, violation of the rules, disregard of the behavior standards rightfully expected of employees, and disregard for job duties and obligations. *Id.* There is an underlying requirement of intent with misconduct. *Cochran v. Director*, 2013 Ark. App. 72.

---

[2]The Board did make a correction to the Tribunal's decision that is immaterial to this appeal. The Board found that the Tribunal's decision was incorrect wherein it stated that "Joe Cook, attorney testified." The record reflected that the correct name of the attorney was Craig L. Cook and that he did not testify but only questioned the witnesses.

SLIP OPINION

Although Cook argues that his evidence was more plausible and persuasive on the issue of misconduct, we disagree that he has shown reversible error. We hold that there is substantial evidence of record to support a finding that the ending of this working relationship resulted from the genuine dispute between Cook and Anteski over monies owed. The law firm and Anteski had diametrically opposed views of her job performance and level of professionalism, a matter to be resolved by the fact-finder and obviously not found to be the reason she was terminated. We affirm the finding that Anteski was discharged from her last work with the law firm for reasons other than misconduct in connection with the work. *See West v. Director*, 94 Ark. App. 381, 231 S.W.3d 96 (2006).

Cook also argues on appeal that it was error to find that Anteski was an employee, as opposed to an independent contractor. The Department urges us not to address this issue, contending that Cook failed to preserve this issue for our review. We affirm on the merits because the Appeal Tribunal squarely addressed the issue of whether Anteski was an independent contractor or an employee of the law firm, and substantial evidence supports that finding.

Cook consistently argued that Anteski was not his employee, referencing the three factors enumerated in Ark. Code Ann. § 11–10–210(e)(1), (2), and (3), and pointing to the Independent Contractor Agreement executed by the parties. That statute defines "employment" in the unemployment context:

> Service performed by an individual for wages shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the director that:

(1) Such individual has been and will continue to be free from control and direction in connection with the performance of the service, both under his or her contract for performance of the service and in fact;

(2) The service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(3) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

*See* Ark. Code Ann. § 11-10-210(e) (Repl. 2012).  There are statutory exemptions set out in the remainder of Ark. Code Ann. § 11-10-210, but they do not apply to the present appeal.

There is substantial evidence to support a finding that Cook maintained direction and control over Anteski.  Cook provided Anteski the physical space in which to work, as well as support staff.  Cook provided sample pleadings, training, and guidance on specific files and pleadings, evidenced by emails Anteski entered into evidence, spanning from 2008 through 2010.  Cook had Anteski call him to report on cases after she attended court proceedings, and at other times, he attended court with her.  It was Cook's burden to demonstrate that all three statutory elements of section 11-10-210(e) were present.  Having failed to do so, there is substantial evidence to support the Board's finding on this issue.  *See Western Land Servs., Inc. v. Dir., Ark. Dep't of Workforce Servs.*, 2012 Ark. App. 161.

For the foregoing reasons, the Board's decision is affirmed.

GLOVER and WOOD, JJ., agree.

*The Law Offices of Craig L. Cook*, by: *Trella A. Sparks* and *Craig L. Cook*, for appellant.

*Phyllis A. Edwards*, for appellees.