SLIP OPINION

Cite as 2016 Ark. App. 456

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E–15–649

LYDIA BURCH

APPELLANT

V.

DARYL BASSETT, DIRECTOR,
DEPARTMENT OF WORKFORCE
SERVICES, AND WELDON, WILLIAMS
& LICK, INC.

APPELLEES

**Opinion Delivered:** October 5, 2016

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW
[NO. 2015-BR-01802]

AFFIRMED

## RAYMOND R. ABRAMSON, Judge

Lydia Burch appeals from a decision of the Arkansas Board of Review (Board of Review) denying her claim for unemployment benefits on account of misconduct in connection with the work. She argues that the evidence is insufficient to support the finding. We affirm.

On July 13, 2015, Weldon, Williams & Lick, Inc. ("WWL"), terminated Burch after she had exceeded the absences allowed for sick leave by WWL's written attendance policy. On July 8, 2015, her supervisor advised her to talk to the human resources department (HR) about the possibility of using intermittent Family Medical Leave Act (FMLA) leave to reduce ome of her absences.[1] However, she did not immediately do so, and she was discharged for attendance violations the following week.

---

[1] In 2010, Burch was diagnosed with anal cancer. After successfully completing that treatment, she was diagnosed with lung cancer and liver cancer the following year.

After her termination, Burch timely applied for unemployment benefits; a notice of agency determination denying benefits was mailed to Burch on August 3, 2015. She then timely filed a petition for appeal to the Appeal Tribunal on August 6, 2015, and a hearing was held on September 1, 2015. The Appeal Tribunal denied benefits in a September 2, 2015 decision. The following day, Burch filed a petition for appeal to the Board of Review. In an October 8, 2015 decision, the Board of Review affirmed the Appeal Tribunal. Burch appeals to our court now.

On appeal, Burch argues that (1) her illness-related absences do not rise to the level of misconduct required to deny unemployment benefits; (2) WWL has not presented substantial evidence that she violated a written policy because WWL did not introduce into evidence the written policy that it alleges she violated; and (3) even if WWL did have a written policy, she did not violate the policy because her supervisor had previously stated in writing that vacation leave could be used without prior approval in special circumstances, such as illness.

The standard of review to be followed in such cases is clear. We do not conduct a de novo review in appeals from the Board of Review. *Snyder v. Dir.*, 81 Ark. App. 262, 101 S.W.3d 270 (2003). In appeals of unemployment-compensation cases, we instead review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board of Review's findings. *Id*. The findings of fact made by the Board of Review are conclusive if supported by substantial evidence; even when there is evidence on which the Board of Review might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board of Review could have reasonably reached

2

its decision based on the evidence before it. *Id.* If fair-minded persons could reach the Board of Review's conclusions on the same evidence, then we must affirm its decision. *Id.*

Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Barnard v. Dir.*, 2013 Ark. App. 143, at 2 (quoting *Valentine v. Dir.*, 2012 Ark. App. 612, at 3). It is also clear that the credibility of the witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review. *Barnard*, *supra*. Like a jury, an administrative body is free to believe or disbelieve the testimony of any witness. *Gunter v. Dir.*, 82 Ark. App. 346, 107 S.W.3d 902 (2003).

The employer must prove misconduct by a preponderance of the evidence. *Grigsby v. Everett*, 8 Ark. App. 188, 191, 649 S.W.2d 404, 406 (1983). Arkansas Code Annotated section 11-10-514 provides, in pertinent part,

> (a)(2) In cases of discharge for absenteeism, the individual shall be disqualified for misconduct in connection with the work if the discharge was pursuant to the terms of a bona fide written attendance policy, regardless of whether the policy is a fault or no-fault policy.

Ark. Code Ann. § 11-10-514(a)(2) (Repl. 2015).

Our case law has long interpreted misconduct to include "(1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer." *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981). But whether an employee's behavior is misconduct that justifies the denial of unemployment benefits is a question of fact for the Board of Review to decide. *Smith v. Dir.*, 2013 Ark. App. 360. This court affirms the Board of Review's decision if it is supported by substantial evidence. *Garrett v. Dir.*, 2014 Ark. 50.

Here, the only issue presented is the sufficiency of the evidence. From our review of the record, we conclude that the Board of Review's findings are supported by substantial evidence. While we may have great sympathy for Burch, it is not the role of this court to substitute our judgment for that of the Board of Review even though we might have reached a different conclusion based on the same evidence. Our review is limited to determining whether the Board of Review could reasonably reach its results on the evidence before it. *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987).

WWL had a written attendance policy contained in the employer's handbook. Burch, who had worked for WWL for over thirty-five years, was aware of the policy. The policy allowed an employee eighty hours of sick leave in a rolling twelve-month period, while the vacation leave was for the calendar year.[2] Burch had received prior disciplinary warnings for attendance in 2005 and 2007; on March 18, 2013; on August 28, 2013, with a one-week layoff; on June 16, 2014, with a one-week layoff; and on July 8, 2015.

Burch's argument that her illness-related absences do not rise to the level of misconduct required to deny unemployment benefits because she did not intentionally violate the policy is unpersuasive. She relies heavily on *Jones v. Director, Department of Workforce Services*, 2014 Ark. App. 426, 439 S.W.3d 86, a case in which this court reversed the Board's denial of benefits and found that a lack of a doctor's note to excuse her illness–related absence did not constitute misconduct. However, the case at bar is distinguishable from *Jones*. In *Jones*, the appellant was terminated because her employer said she left work

---

[2] At the time of her termination, Burch had approximately forty hours of vacation leave available to use through December 31, 2015.

without permission and she failed to return with a doctor's excuse. In the instant case, Burch's intent is irrelevant because she was discharged for absenteeism based on the terms of "a bona fide written attendance policy, regardless of whether the policy is a fault or no-fault policy," just as the statute requires. *See* Ark. Code Ann. § 11-10-514(a)(2) (Repl. 2015).

On June 16, 2014, Burch acknowledged receiving and understanding the contents of a warning letter from her employer concerning absences in violation of the company absence-and-tardiness policy; the letter further went on to state, "[A]ny further violations of company policy may result in your immediate termination." Burch signed and dated the letter, so she clearly knew that WWL had such a policy. Therefore, Burch's second point that WWL did not have a written policy because the handbook was not introduced at the hearing is wholly without merit. Under these circumstances, the existence of the company handbook that included a written attendance policy was sufficiently proved.

Burch's third point on appeal—that a supervisor's email overrides company policy—also fails. Burch's supervisor, Ed Sifuentes, sent an email on April 7, 2015, in regard to vacation time, not sick leave. The email indicated that requests would be approved on a case-by-case basis. However, Burch did not make the request to HR to use vacation leave here, nor did she request an application for FMLA leave from HR. Burch's arguments were considered by the Board of Review, which found against Burch and upheld the disqualification.

We must affirm the Board of Review's decision if it is supported by substantial evidence. *Garrett*, *supra*. Viewing the evidence in the light most favorable to the Board of

Review's decision, we conclude there is substantial evidence to support its finding. Accordingly, we affirm.

Affirmed.

KINARD and GRUBER, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellant.

*Gregory Ferguson*, for appellee.