Cite as 2017 Ark. App. 290



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** E-17-19

| | |
|---|---|
| PAUL ZENARO          APPELLANT | **Opinion Delivered:** May 10, 2017 |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2016-BR-01783] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND ENTERTAINMENT (L)          APPELLEES | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Appellant Paul Zenaro appeals the decision of the Arkansas Board of Review (Board) denying him unemployment benefits. He contends that substantial evidence does not support the Board's conclusion that he is disqualified from receiving benefits on finding he was discharged from last work for misconduct connected with the work. We agree and reverse and remand.

Zenaro was a merchant-account representative for Entertainment (L) for six years. He worked in the Fayetteville market but was reassigned to Saint Louis, to which he commuted weekly, incurring travel and related expenses. The company provided two written warnings to Zenaro regarding his sales revenue and placed him on a performance-improvement plan. He was discharged for poor job performance on September 16, 2016, and on October 21, 2016, he received notification from the Department of Workforce

Services that his claim for unemployment benefits had been denied. He filed timely appeals to the Appeal Tribunal and the Board of Review.

A hearing was held before the Appeal Tribunal. The employer did not appear, but Zenaro testified that he had experienced some difficulty attaining the revenue needed to justify his transfer to a new market and to offset the resulting travel costs but that he had exceeded the performance-plan goals and thus was removed from the plan. Nevertheless, the Appeal Tribunal found that Zenaro had intentionally violated his employer's rules and disregarded his employer's interests by failing to perform in accordance with its standards after having received progressive discipline. The Board affirmed the Appeal Tribunal's decision. Zenaro appeals the Board's decision.

We do not conduct de novo reviews in unemployment-benefits appeals; instead, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings of fact. *McAteer v. Dir., Dep't of Workforce Servs.*, 2016 Ark. App. 52, 481 S.W.3d 776. The Board's findings of fact are conclusive if supported by substantial evidence, which is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. *Id.* Credibility calls are for the finder of fact, as is the weight to be accorded to testimony. *Id.*

A claimant is disqualified from receiving unemployment benefits if he or she is discharged from last work for misconduct in connection with the work. Ark. Code Ann. §

11–10–514(a)(1) (Repl. 2012). Misconduct in connection with the work shall not be found for instances of poor performance unless the employer can prove that the poor performance was intentional. Ark. Code Ann. § 11–10–514(a)(4)(A). It is the employer's burden to establish misconduct on the part of the employee by a preponderance of the evidence. *Law Offices of Craig L. Cook v. Dir.*, 2013 Ark. App. 741, at 7, 431 S.W.3d 337, 341. Typically, misconduct involves disregard of the employer's interests, violation of the rules, disregard of the behavior standards rightfully expected of employees, and disregard for job duties and obligations. *Id.* Whether an employee's behavior is misconduct justifying the denial of unemployment benefits is a question of fact for the Board to decide. *Burch v. Bassett*, 2016 Ark. App. 456, at 3, 503 S.W.3d 852, 854.

There is an underlying requirement of intent with misconduct. *Law Offices of Craig L. Cook*, *supra*. Mere inefficiency, unsatisfactory conduct, poor performances due to inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good–faith errors in judgment or discretion are not misconduct for purposes of the statute. *Warren v. Dir.,* 2013 Ark. App. 178, at 3. Failing to be a productive salesman is not itself misconduct. *Id*. at 4.

The Board found that Zenaro "intentionally violated his employer's rules and disregarded its interests" by failing to meet sales goals after being advised by his employer that he needed to improve his performance. This finding is not supported by substantial evidence. Zenaro testified that he failed to meet sales quotas because, among other things, he was transferred to a new territory, he spent limited time in his new sales territory because he was traveling to and from his home, and his cost of travel proved difficult to offset.

Although Zenaro did not reach his sales goals, the record does not support the finding that he manifested an intent to violate his employer's rules or disregard its interests.

Viewing this evidence in the light most favorable to the Board's findings of fact, we find that reasonable minds could not reach the conclusion that Zenaro committed misconduct based on the evidence. Accordingly, we reverse and remand for an award of benefits.

Reversed and remanded.

HARRISON and GLOVER, JJ., agree.

*Paul R. Zenaro*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.